WILLIAM B. BOYD, SHERIFF, ETC., APPELLANT, v. MELVILLE
H. CRONKRITE, RESPONDENT.

*Practice — on nonsuit in County Court — Motion for new trial — County Court has
no power to order exceptions to be first heard at the General Term.*

THIS action was first brought in a Justice's Court, where the
defendant had judgment for his costs upon the verdict of a jury.
The plaintiff thereafter appealed from said judgment and demanded
a new trial in the County Court. After one verdict in the County
Court, which was set aside, the case was brought on for a second trial
in the County Court before a jury. After the plaintiff's counsel had
opened his case to the jury and before any evidence had been offered,
the defendant's counsel moved that the plaintiff be nonsuited and his
appeal dismissed, on the grounds (1) that the action is not prosecuted
in the name of the real party in interest; (2) that the action should
have been commenced and prosecuted in the name of the sheriff of
Steuben county; that his name and official capacity and designation
should have been stated in the summons. The motion was granted
and a recital of the facts, touching the ruling upon such motion, is
contained in the papers, by which it appears " that the motion of the
defendant's attorney that the plaintiff be nonsuited, was ordered by
direction of the court." And it was further ordered that the plain-
tiff have sixty days to make and serve case and exceptions, and
defendant the like time to serve amendments " to be heard at the
General Term in the first instance, and that proceedings in the mean-
time be stayed."

The notice of appeal by the plaintiff is to the General Term,
" from the order and decision of the County Court of the county of
Schuyler, made in this action on the 23d day of February, 1876,
nonsuiting the said plaintiff and refusing to allow him to introduce
any evidence on the trial of said action."

The court at General Term said : " It is apparent that the plaintiff
has erred in his practice.. The order or decision, as contained in the
papers, does not purport to dismiss plaintiff's appeal from the judg-
ment of the Justice's Court, nor does the notice of appeal to the
General Term indicate any such order. The plaintiff was nonsuited

in the ordinary way upon the trial. That was not an order to be appealed from. It was a decision or ruling in the progress of the trial, to be incorporated in the case and exceptions, and to be reviewed in connection therewith. The other portion of the order, purporting to send the case and exceptions in the first instance to the General Term, is a nullity. The court had no power to make such order.

The proper practice would have been for the defendant to have entered his judgment upon the nonsuit. The plaintiff then, upon his case and exceptions, could have moved for a new trial. If such motion were denied, he could then appeal to this court from such judgment and order. But the present appeal, if it can be called an appeal, is from no judgment and from no order, unless the order sending the case and exceptions here be within the appeal. (Code, § 344; 4 Wait's Pr., 341.) There being neither a judgment nor an order in the County Court, no appeal can be taken to the General Term. The appeal must, therefore, be dismissed for want of jurisdiction on our part to hear and determine the case upon its merits. It is not, therefore, deemed advisable to consider or express any opinion upon the merits. Should proceedings be had in the County Court by which a valid appeal may be taken to this court, the merits may then be properly and judicially disposed of.

The appeal is therefore dismissed, without costs."

*M. J. Sunderlin,* for the appellant. *O. P. Hurd,* for the respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Appeal dismissed, without costs.